Dear Mr. Kirkpatrick:
This opinion is in response to your questions asking:
 1. Should an associate circuit judge who was elected as a magistrate judge to a full term in November of 1978 run for retention in 1980?
 2. When should an associate circuit judge who was appointed as a magistrate judge after the November 1978 election but before January 2, 1979 run for retention?
You also state:
 Regarding the first question, Judge James E. May who was elected as magistrate judge in Jackson County in 1978, has inquired whether he must stand for retention in 1980 or 1982. He believes the Judicial Article is unclear on the issue.
 On the second question, several St. Louis County associate circuit judges who were appointed to terms in the last two months of 1978 are divided on whether they must stand for retention this year.
With respect to your first question asking whether an associate circuit judge, who was elected in Jackson County in November of 1978, should run for retention in 1980, we note first of all that Jackson County selected judges under the nonpartisan court plan at the time that § 27 of the schedule of Article V of the Missouri Constitution became effective. Under § 27.9 on January 2, 1979, the judges of the magistrate court in any circuit which selected judges under the nonpartisan selection of judges became nonpartisan judges. Under § 27.8 each judge who became an associate circuit judge on January 2, 1979, in any circuit subject to the provisions of the nonpartisan court plan, became eligible for retention in office as an associate circuit judge by filing in the office of the secretary of state a declaration of candidacy for election not less than sixty days prior to the holding of the general election next preceding the expiration of his term of office. Section 27.4c provides that in 1978 all magistrates be elected as provided by law. It also provides that on the effective date of that constitutional article, January 2, 1979, all magistrates who are then in office become associate circuit judges and serve out the remainder of their terms as such.
When the associate circuit judge was elected magistrate judge in Jackson County in 1978, he took office for a term of four years pursuant to § 482.010, which was repealed as of January 2, 1979, and § 23 of Article V of the Missouri Constitution, which was also repealed at that time. Section19 of Article V of the Missouri Constitution, which has been effective since January 2, 1979, provides that associate circuit judges have terms of four years.
We believe that it is clear from the above that the associate circuit judge, who was elected as a magistrate judge in Jackson County in 1978, has a term which ends December 31, 1982, and therefore does not run for retention in 1980.
Your next question asks when St. Louis County associate circuit judges, who were appointed magistrate judges after the November 1978 election but before January 2, 1979, should run for retention. It is our understanding that the judges to whom you refer were appointed by the governor pursuant to the provisions of § 482.020, repealed January 2, 1979, to fill a vacancy or pursuant to the provisions of § 482.010, repealed January 2, 1979, which authorized the appointment of additional magistrates to meet the needs of justice. (See also, present § 478.320, RSMo, which provides that in addition to the associate circuit judges authorized, one additional associate judge is authorized for each magistrate appointed pursuant to subsection 3 of § 482.010.)
Under § 27.9 of Article V of the Missouri Constitution, which we cited in answer to your first question, it is clear that since St. Louis County judges were under the nonpartisan plan on January 2, 1979, the magistrates in St. Louis County who became associate circuit judges at that time also came under the nonpartisan court plan.
Magistrates appointed as additional magistrates under § 482.010.3, repealed January 2, 1979, were to hold office until the next general election at which time a successor was to be elected "to hold office for the unexpired term or full term as the case may be, said terms to be identical with that of other magistrates." Similarly, with respect to magistrates who were appointed to fill vacancies, § 482.020, repealed January 2, 1979, provided that the governor fill such vacancies by the appointment of a person "who shall hold his office until the next general election at which a successor shall be elected for the unexpired or the full term as the case may be." Under repealed § 482.010, magistrates were elected for a term of four years beginning at the general election in 1946 and every four years thereafter.
Section 27.8 of Article V of the Missouri Constitution provides that associate circuit judges who came under the nonpartisan court plan under the constitutional amendments shall be eligible for retention in office at the general election next preceding the expiration of their terms of office by making the required filing, and if retained shall, unless removed for cause, remain in office for the number of years after December thirty-first following such election as is provided for the full term "of such office" to be eligible for retention at the end of such term. We interpret this provision to mean in this situation that such judges shall stand for retention at the 1980 November general election which comes before the term to which they were appointed expires, December 31, 1980, to remain if retained for the full term of such office after December 31, 1980.
It is therefore our view that such magistrate judges who were appointed by the governor after the November 1978 election but before January 2, 1979, and became associate circuit judges under the nonpartisan court plan hold office through December 31, 1980, and must stand for retention at the 1980 general election. If retained, they remain in office through December 31, 1984.
Finally your office also asked when an associate circuit judge who was appointed as magistrate after the November 1978 general election but before January 2, 1979, in a circuit not under the nonpartisan court plan must run for re-election. We understand that your question refers both to magistrates appointed as additional magistrates or to fill a vacancy.
As we have noted previously, magistrates appointed as additional magistrates under § 482.010.3, repealed January 2, 1979, were to hold office until the next general election at which time a successor was to be elected "to hold office for the unexpired term or full term as the case may be, said terms to be identical with that of other magistrates." And, similarly, with respect to magistrates who were appointed to fill vacancies, § 482.020, repealed January 2, 1979, provided that the governor fill such vacancy by the appointment of a person "who shall hold his office until the next general election at which a successor shall be elected for the unexpired or the full term as the case may be."
It seems clear that both the judges appointed as additional judges and to fill vacancies were appointed to hold office only until the next general election under repealed §§ 482.010 and 482.020. However, because these sections were repealed, we believe that the provisions of § 105.030, RSMo, became applicable. Section 105.030 then and still provides that a person appointed by the governor, after duly qualifying and entering upon the discharge of his duties under the appointment, shall continue in office until the first Monday in January, next following the first ensuing general election at which general election a person shall be elected to fill the unexpired portion of the term or for the ensuing regular term, as the case may be, and the person so elected shall enter upon the discharge of the duties of the office the first Monday in January next following his election, except that when the term to be filled begins on any day other than the first Monday in January, the appointee of the governor shall be entitled to hold office until such other date. Under former § 482.050, also repealed January 2, 1979, each magistrate took office on the first day of January following his election.
It is therefore our view that the terms of such judges expire December 31, 1980.
Section 27.4c of Article V of the Missouri Constitution provides that such judges will serve out their terms, but it does not prohibit the legislature from extending the short term of such judges from the date of the general election through December thirty-first.
We therefore conclude that such associate circuit judges not under the nonpartisan court plan, who were appointed as additional magistrates or to fill a vacancy, have a term ending December 31, 1980. Because there is no constitutional provision (as in the case of nonpartisan court plan judges) which provides that the election in 1980 will be for a full term, the person elected at the election to succeed the person appointed as additional magistrate or to fill a vacancy, will serve for the remainder of the four year term of such office through December 31, 1982.
CONCLUSION
It is the opinion of this office that a magistrate judge who was elected to a full term in November of 1978 in Jackson County became an associate circuit judge under the nonpartisan court plan on January 2, 1979, and is entitled to serve a full four-year term beginning January 1, 1979, through December 31, 1982.
Associate circuit judges in St. Louis County who were appointed by the governor after the general election in 1978 and before January 2, 1979, to fill additional magistrate positions or to fill a vacancy under repealed §§ 482.010.3 or 482.020 complete the terms to which they were appointed December 31, 1980, and may run for retention at the general election in 1980 for a term of office ending December 31, 1984.
Associate circuit judges who were appointed by the governor after the general election in 1978 and before January 2, 1979, as additional magistrates or to fill a vacancy under repealed §§ 482.010.3 or 482.020, in courts not under the nonpartisan court plan will complete the terms for which they were appointed December 31, 1980, and the persons elected to such offices at the November election in 1980 will serve the remainder of the term of the office ending December 31, 1982.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General